## WORTH v. TOWN of SALAMANCA et al.

(Supreme Court, Equity Term, Cattaraugus County. June, 1911.)

WATERS AND WATER COURSES (§ 150*)—ARTIFICIAL CHANNEL—ESTABLISHMENT —EASEMENT.

Plaintiff by turning surface water from its original course, and running the same in an artificial channel to a highway, and thence through a ditch along the highway, and maintaining it for more than 40 years, did not make the ditch a natural water course so as to entitle him to prevent the highway authorities from interfering therewith within the limits of the highway.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 153; Dec. Dig. § 150.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John M. Worth against the Town of Salamanca and another to restrain defendants from maintaining a sluice or waterway and for damages. Dismissed.

Cary D. Davie, for plaintiff.
George W. Cole and Whipple & Whipple, for defendants.

BROWN, J. The natural drainage for the surface water from the easterly end of the plaintiff's farm is through a slight depression or valley extending from near the northeastern corner of his meadow in a southwesterly direction under the tracks of the trolley car line onto the Harrington farm, reaching the right of way of the Erie Railroad about 12 rods south of plaintiff's southerly line, passing through an opening in the Erie Railroad, and reaching the Little Valley creek. About 40 years ago the plaintiff dammed up this natural surface water course at a point near the northeast corner of his meadow, and turned the water by means of plowing one or more furrows in a westerly direction to the highway at a point where formerly was located a sluiceway, permitting the water to flow through this sluice and into the easterly end of a natural depression or ravine extending west of the highway to the Erie Railroad. At about the same time this last-mentioned sluice in the highway was stopped up and abandoned, and a ditch was constructed on the east side of the traveled portion of the highway from such old sluice southerly to sluice located 12 rods south of the plaintiff's south line. For about 40 years the surface water has drained from the north half of plaintiff's meadow and pasture through the course established by the plowed furrows to the highway, and thence south through the ditch on the east side of the highway. The defendant Holdridge, under the direction of the county superintendent of highways and of the town board of the town of Salamanca, in January, 1910, placed a two-foot iron pipe across the traveled portion of the highway at the point where the furrowed water course from the east intersected the highway, and closed the ditch extending south from that point. The result of placing such pipe across the highway and closing the north end of such ditch is that all the surface water from the north half of plaintiff's meadow and pasture passes through such iron pipe and flows westerly therefrom down a natural grade or decline through plaintiff's garden to the Erie Railroad, where it enters the railroad ditch, and passes off to the Little Valley creek. In passing through plaintiff's garden such surface water has cut a channel varying in width and depth, causing the injury of which plaintiff complains. To restrain the maintenance of such iron pipe opening and to compel defendants to open the ditch on the east of such highway the plaintiff brings this action.

If turning the surface water from its original and well-defined course near the northeast corner of plaintiff's meadow and running the same westerly to the highway, and thence southerly through this ditch, more than 40 years ago, made this new course a natural water course, then it necessarily follows that the defendants had no right to place such iron pipe in the highway and alter such course so as to turn the surface water onto plaintiff's garden. Such act would constitute a di-

version of a natural stream or water course by defendants and render them liable. The fact is, however, that the water course established by plaintiff 40 years ago is not a natural water course. It is an artificial channel made by plaintiff, and drained his meadow and pasture onto the highway. The existence of a ditch on the east side of the highway for that length of time does not make that artificial channel a natural water course. The running of the surface water through the plaintiff's artificial channel to the highway, and thence south through an artificial ditch alongside of the highway, for any length of time, cannot make this surface water stream a natural stream or water course so as to prevent the proper authorities from interfering with it within the limits of the highway. The plaintiff in no sense became a riparian owner so as to be entitled to the flow of water through the highway ditch. The defendants have not diverted the flow of water from a natural stream onto plaintiff's garden. The plaintiff by turning the surface water course 40 years ago from his meadow onto the highway could not acquire a proscriptive right as against the town of Salamanca to take care of such water by a ditch on the east side of the highway. The existence of the water on plaintiff's garden is due solely to the fact that the defendants have placed a pipe in the highway which allows the water that plaintiff turns into the highway to flow where it naturally would if no highway were intersected by it.

The plaintiff's complaint must be dismissed. Let findings be prepared.